**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**vs.**                                                    **CIVIL NO.** 3:23cv476-MPM-RP

**MONIES CREDITED TO OXFORD UNIVERSITY**
**BANK ACCOUNTS 1070465 AND 15883**                                    **DEFENDANT**

## <u>VERIFIED COMPLAINT FOR FORFEITURE IN REM</u>

Comes now the United States of America, Plaintiff in the above styled cause, by and through its undersigned United States Attorney for the Northern District of Mississippi, and brings this Verified Complaint for Forfeiture In Rem and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### Nature of the Action

1.   This is an action to forfeit and condemn property to the United States pursuant to 18 U.S.C. §981 for violations of 18 U.S.C. § 1343 (wire fraud) and/or 18 U.S.C. §§ 1956, 1957 (money laundering).

### The Defendant in Rem

2.  The defendant property is specifically identified as follows:

**All monies credited to Oxford University Bank Individual Account 1070465**
**and Business Checking Account 15883**

3.  The defendant property has not been seized and is currently in the possession of Oxford University Bank ("OUB") of Oxford, Mississippi. The United States will request that a Warrant of Arrest in rem issue to allow the United States to seize and retain possession of the defendant property.

**Jurisdiction and Venue**

4.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).  This Court also has jurisdiction over this particular action under 18 U.S.C. §981.

5.  This Court has in rem jurisdiction over the defendant property under 28 U.S.C. 1355(b)(1)(A).

6.  Venue is proper in this district because the defendant property is located within this district and/or because the acts or omissions giving rise to the forfeiture occurred in this district.

**Basis for Forfeiture**

7.  The defendant property is subject to forfeiture pursuant to pursuant to 18 U.S.C. §981 because it constitutes personal property that represents or is traceable to the gross receipts obtained, directly or indirectly, from violations of 18 U.S.C. § 1343 (wire fraud). Additionally, or in the alternative, the property constitutes property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957 (money laundering).

**Facts**

8.  Natasha Latrice Crenshaw ("Crenshaw") filed a Mississippi Limited Liability Company Certificate of Formation for "NJ legal book-keeper LLC" with the Mississippi Secretary of State on or about June 20, 2022.  The certificate indicates the nature of the business as "Other Activities Related to Real Estate".

9.  Crenshaw opened OUB individual checking account 1070465 in January 2023.  The account was opened with a cash deposit of $100.00 and this amount represented the high balance

of the account until May 2023 when additional cash deposits of $557.00 were made. From account opening in January 2023 through the end of July 2023, end of month balances ranged from less than $4.00 in the account to negative balances.

10. On or about August 10, 2023, the account received an ACH credit in the amount of $13,200.00. From August 10, 2023, through August 15, 2023, Crenshaw made cash withdrawals and wire transfers totaling $13,000.00. For the remainder of August 2023 and September 2023, the account had very little activity.

11. On or about October 3, 2023, Crenshaw made a $100.00 cash deposit to her personal account. On the same day, $100.00 was transferred from the personal account to open business account 15883 in the name of "NJ Legal Book-Keeper, LLC". The business account was opened approximately fourteen (14) months after the business was formed. Crenshaw continued to make cash withdrawals from the personal account and also began transferring funds from the personal account to BITSTAMP, a cryptocurrency platform.

12. In November 2023, activity on both OUB accounts increased dramatically. On November 16, 2023, the business account received an ACH credit in the amount of $335,996.10. The ACH credit contained a reference to a name that is not the same as Crenshaw's. On the same date as the ACH credit, Crenshaw made eight (8) internet transfers of $10,000.00 each ($80,000 total) from the business account to her personal account. She also made ATM cash withdrawals from the business account.

13. On November 17, 2023, Crenshaw withdrew $10,000 cash from the personal account and also made an additional five (5) transfers of $10,000 each ($50,000 total) from the business account to her personal account. Crenshaw also made cash ATM withdrawals from the business

3

account on the same day.

14. After November 17, 2023, Crenshaw made two (2) additional wire transfers of $10,000 each ($20,000 total) from the business account to her personal account. Crenshaw made additional ATM cash withdrawals and continued to transfer funds to the cryptocurrency platform and other money transfer platforms. Crenshaw also wrote two checks to herself from her personal account in the amounts of $33,000 and $27,000. Crenshaw also wrote checks from the business account to other individuals in the amounts of $32,620 and $39,700.

15. OUB initiated a lock of the business account on or about November 20, 2023, due to the volume and amount of activity on the account. OUB requested some additional information from Crenshaw concerning the accounts and the nature of the transactions, especially given that the large ACH credit contained a reference to an individual that did not appear to be associated with Crenshaw. Crenshaw produced an incomplete tax return for 2022 and had what was purported to be a copy of a driver's license for the individual referenced on the large ACH credit. Additional investigation reveals that the documents produced may be fraudulent.

### Allegations and Prayer for Relief

16. The United States alleges that monies contained within the accounts identified herein are subject to seizure and forfeiture to the United States as the proceeds of wire fraud violations and/or property involved in money laundering offenses. The deposits and wire transfers do not appear to the proceeds of any legitimate business. Additionally, the drastic increase in activity of the two accounts in a very short period of time, the substantial increase in the dollar amount of the transactions, and the absence of documentation from Crenshaw indicate that probable cause exists to believe that monies credited to the two accounts are subject to seizure and forfeiture by

the United States.

17.  The United States alleges that the provisions of 18 U.S.C. § 984 are applicable to this proceeding making all monies deposited in the two accounts subject to seizure and forfeiture to the United States.

18. Based on the foregoing, Plaintiff alleges that the Defendant property identified herein is subject to forfeiture pursuant to 18 U.S.C. § 981.

19.  That pursuant to the provisions of 18 U.S.C. § 981(f), all right, title and interest in the defendant property vested in the United States of America upon commission of the act giving rise to forfeiture.

WHEREFORE, Premises considered, Plaintiff prays as follows:

 (1)  That a Warrant of Arrest in rem issue to allow the United States to seize and/or retain possession of the defendant property;

(2)  That notice issue according to the normal procedure of this Court and in accordance with 18 U.S.C § 983(a)(4)(A);

(3)  That judgment of forfeiture be decreed against the defendant property;

(4)  That upon judgment of forfeiture, the United States be permitted to dispose of the defendant property in accordance with law;

(5)  For costs and for such other further relief to which Plaintiff may be justly entitled

Respectfully submitted,

CLAY JOYNER
United States Attorney

By:    /s/  SAMUEL D. WRIGHT
SAMUEL D. WRIGHT
Assistant United States Attorney
Mississippi Bar No. 101425
900 Jefferson Avenue
Oxford, Mississippi 38655-3608
Telephone: (662) 234-3351
Fax: (662) 234-3318
Samuel.Wright@usdoj.gov

## **VERIFICATION**

I, Aaron Frazier, hereby verify and declare under penalty of perjury that I am a Special Agent of the United States Secret Service, and that I have read the foregoing *Verified Complaint For Forfeiture In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the United States Secret Service.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: December 18, 2023

/s/ AARON FRAZIER
Special Agent
United States Secret Service